North. Mfg. Manchester Furn Co....... 19277
Northeast O. & G. Co. v. Hellenic P. &
  G. Co. ............................. 19477
Rarey v. Schmidt ................... 19794
Robert Mitchell Furn. Co. v. Guffey.... 19683
South. Surety Co. v. Chambers et...... 19656
State v. Butler ..................... 19698

## CASES DECIDED

### GENERAL DOCKET

19374—Dayton (City) et v. S. S. Kresge Co. of Dayton; error to the Montgomery Appeals. Judgment reversed. Jones, Matthias, Day, Allen and Robinson, JJ., concur. Kinkade, J., dissents. Dock. 10-8-25.

19431—C. L. Stacey v. Fidelity & Casualty Co.; error to Huron Appeals. Judgment affirmed. Marshall, CJ., Jones, Matthias, Day and Kinkade, JJ., concur. Dock. 11-20-25; 3 Abs. 738; OS. Pend. 4 Abs. 45; OA. 3 Abs. 652.

19620—Edward C. Stanton, Prosecuting Attorney, v. Tax Commission of Ohio; error to the Cuyahoga Appeals. Judgment reversed. Marshall, CJ., Jones, Matthias, Day, Kinkade and Robinson, JJ., concur. Allen, J., not participating. Dock. 2-9-26; 4 Abs. 128; OA. 3 Abs. 202.

19659—State, ex rel. Cleveland Ry. Co. v. Willis Vickery et al; in mandamus. Writ denied. Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur. Dock. 3-3-26; 4 Abs. 176.

19631—State, ex rel. Mahoning Bus Co. v. George A. Gessner, Judge; in prohibition. Demurrer to the petition sustained. Jones, Matthias, Day, Kinkade and Robinson, JJ., concur. Marshall, CJ., and Allen, J., concur in judgment. Dock. 2-22-26; 4 Abs. 142.

19661—State, ex rel. Joseph O. Fritz, Prosecuting Attorney, v. Seth Gongwer, County Auditor; in mandamus. Writ denied. Marshall, CJ., Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur. Dock. 3-4-26; 4 Abs. 176.

### MOTION DOCKET

tify. Allowed. Dock. 3-5-26; 4 Abs. 176; OS. Pend. 4 Abs. 261.

# Abstracts of Last Week's SUPREME COURT OPINIONS

## SYLLABI

### No. 367

No. 19661—State, ex rel. Joseph O. Fritz, Pros. Atty., v. Seth Gongwer, County Auditor. In Mandamus.

291. CONSTITUTIONAL LAW—Ohio Legislature has power to create special taxing districts of two or more counties, for purpose of a joint county improvement.

865. OFFICE AND OFFICERS—Incumbent officers of a two or more county taxings district for a joint special improvement, distinct from their county offices.

420. DRAINS AND DITCHES—Sections 6536 to 6542 GC. effective to create a special joint county taxing district for construction of joint county ditches, and to carry into those secs. the provisions of 6464 GC. and other applicable sections of single county ditch law.

103. ASSESSMENTS—1. Joint board of county commissioners, in construction of a joint county ditch, may assess benefits and

## OHIO SUPREME COURT—Continued

issue and sell bonds, pledging the faith and credit of the taxing district.

2. Such pledging not that of one county for another, but that of the whole district for its debt.

ROBINSON, J.

1. The legislature of Ohio has the power to create special taxing districts for special purposes within, co-extensive with or over-lapping political subdivisions.

2. Sections 6536 to 6542, inclusive, General Code, are effective, upon compliance therewith, to create a special taxing district composed of two or more counties for the special purpose of the construction of a joint county improvement.

3. The officering of such special taxing district by the incumbent officers of the interested counties constitutes such officers, while engaged in the construction of a joint county improvement, officers of such special taxing district as distinguished from and in addition to their respective county offices.

4. The provisions of the joint county ditch law, Sections 6536 to 6542, inclusive, General Code, are effective by reference to carry into those sections the provisions of Section 6564, General Code, and other applicable sections of the single county ditch law and thereby empower a joint board of county commissioners, in the construction of a joint county improvement, to assess property specially benefitted by such improvement according to such benefits and to issue and sell the bonds of the special taxing district, composed of the entire territory of the interested counties, in anticipation of the collection of such assessments and to pledge the faith and credit of such district to the payment thereof.

5. The pledging of the faith and credit of a special taxing district, created for the purpose of the construction of a joint county improvement, to the payment of bonds issued and sold in anticipation of the collection of special assessments according to benefits is not the pledging of the faith and credit of one county for another, but is the pledging of the faith and credit of the district for the payment of its own indebtedness.

Writ denied.

Marshall, CJ., Jones, Matthias, Allen, Kinkade and Day, JJ., concur.